UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TERRENCE BERGERON | CIVIL ACTION NO. 6:17-CV-00255 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| GERALD FRANCOIS, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending is the motion for sanctions pursuant to Fed. R. Civ. P. 37(d), which was filed by the defendants, Gary Francois (incorrectly identified as Gerald Francois), City of Patterson, and Patrick LaSalle, the Chief of Police for the Patterson Police Department. (Rec. Doc. 26). The motion is opposed. Oral argument was held on March 22, 2018. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be granted and this action be dismissed.

Terrence Bergeron filed this lawsuit in February 2017. He alleged that, while he was detained in the Patterson City Jail, he was assaulted and physically attacked by Gary Francois. He alleged that Mr. Francois was either an employee of the Patterson City Police Department or the Patterson City Jail. Mr. Bergeron further alleged that, following the assault and attack, the Patterson City Police and/or Patterson City Jail refused to provide him any medical care. He sued Mr. Francois, the City of Patterson (in its capacity as the owner and operator of the Patterson City

Jail), the State of Louisiana (through the City of Patterson and/or Patterson City Jail), and Patterson Police Chief Patrick Lasalle, in his individual and official capacities. Mr. Bergeron contended that his constitutional rights had been violated, and he also asserted state-law claims.

At the hearing on the motion for sanctions, the defendants' counsel explained that the plaintiff had, at some point, escaped from the Livingston Parish Jail, where he had been serving a ten-year sentence on Louisiana state-law charges, and had been picked up in Tennessee on a number of charges, including a fugitive warrant. Therefore, the defendants noticed the plaintiff's deposition for December 12, 2017 at the Hawkins County Jail in Rogersville, Tennessee, where Mr. Bergeron was then incarcerated. However, the plaintiff bonded out before the deposition date, and the deposition was canceled.

The plaintiff's counsel located the plaintiff, and his deposition was rescheduled for January 19, 2018 at his counsel's office in Baton Rouge, Louisiana. To facilitate the plaintiff's travel from Tennessee, the defendants agreed to split the cost of air travel with the plaintiff, but the plaintiff elected to drive instead. The evening before the scheduled deposition, the defendants' counsel received confirmation from the plaintiff's counsel that the plaintiff would appear for the deposition. The next day, the defendants' counsel traveled from Lafayette, Louisiana to Baton Rouge for the

deposition, but the plaintiff failed to appear. The reasons given for the plaintiff's failure to appear at the deposition were a serious ice and snow storm and mechanical problems with his automobile. His counsel spoke with the plaintiff on the afternoon of the deposition and the plaintiff agreed to appear on a future date.

The defendants filed the instant motion, seeking to recover from the plaintiff the reasonable expenses and attorneys' fees incurred in connection with the scheduled deposition and the filing of the motion. The defendants also renoticed the plaintiff's deposition for March 19, 2018 at the federal courthouse in Lafayette, Louisiana. According to the defense counsel's investigation, the plaintiff had been arrested twice while on parole for carrying a firearm with the serial number filed off. Defense counsel therefore thought it would be prudent to hold the deposition at a location where the plaintiff would be required to walk through a metal detector before testifying. It is the understanding of the defendants' counsel that the plaintiff currently remains a fugitive.

The plaintiff's counsel's office contacted the plaintiff before the newly-scheduled deposition and confirmed that he planned to appear. However, the plaintiff again failed to appear, and his attorney has been unable to locate him since then.

The plaintiff's counsel stated on the record at the hearing on March 22, 2018 that the first deposition was properly noticed and that his office gave the plaintiff

actual notice – orally and in writing – of the scheduling of the second deposition. This Court therefore finds that both depositions were properly noticed.

Fed. R. Civ. P. 37(d)(1)(A)(I) states that the court where an action is pending may order sanctions if a party fails to appear for his deposition after being served with proper notice. "Rule 37 empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties, including dismissal with prejudice."[1] Rule 37(d)(3) states that when a party's failure to appear for his deposition is not substantially justified, the court "must require" the party, the party's attorney, or both to pay the reasonable expenses – including attorneys' fees – caused by the failure to appear unless other circumstances make an award of expenses unjust. Additionally, a party's failure to appear for his deposition may also result in other sanctions, including striking his pleadings in whole or in part or dismissing the action in whole or in part. A court has broad discretion under Rule 37(b) to fashion remedies suited to a party's misconduct with regard to the discovery process.[2] However, a finding of bad faith or willful misconduct is generally necessary

---

[1] *Griffin v. Aluminum Co. of America*, 564 F.2d 1171, 1172 (5th Cir. 1977).

[2] *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990).

to support sanctioning a party by striking his pleadings or dismissing his case.[3] Therefore, lesser sanctions are generally favored.[4]

In this case, it is undisputed that the plaintiff in this lawsuit was served with proper notice of his deposition twice, and he failed to appear both times. Based on the information provided by the plaintiff's counsel concerning the communications that his office had with the plaintiff prior to the two scheduled depositions, this Court concludes that the plaintiff willfully disregarded the deposition notices and willfully failed to appear for his deposition on two occasions.

This Court finds that the plaintiff's failure to appear for his scheduled depositions was not substantially justified.

This Court further finds that, under the circumstances of this case, it would be unjust to order sanctions against the plaintiff's attorney in the form of expenses and attorneys' fees. The plaintiff's counsel, David Bateman, diligently sought to have his client appear for his deposition on three occasions. In particular, Mr. Bateman diligently sought to communicate with his client, he negotiated a sharing of the cost of the deposition that was scheduled to be held in Baton Rouge, he made his office available for the deposition that was to be held in Baton Rouge, he appeared for the deposition that was scheduled to be held in Lafayette, and he appeared at the hearing

---

[3]   *Pressey v. Patterson*, 898 F.2d at 1021.

[4]   *Marshall v. Segona*, 621 F.2d 763, 768 (5th Cir. 1980).

on the motion for sanctions. At the hearing, the defendants' counsel made it clear that the defendants were seeking monetary sanctions against the plaintiff personally and not against the plaintiff's counsel. Given the plaintiff's current life circumstances, however, this Court also finds that it would likely be a fruitless exercise to impose a monetary sanction on the plaintiff in addition to the other sanction recommended herein.

This Court further finds that the most appropriate penalty for the plaintiff's continued disregard of deposition notices would be dismissal of his lawsuit. Were the Court to order the plaintiff to appear at a rule to show cause, the Court would be constrained to notify law enforcement officials of his presence and facilitate his arrest. Therefore, particularly in light of his failure to appear twice for scheduled depositions, it is unlikely that the plaintiff would appear in Court to explain his prior failures to appear. The fairest and most efficient method to sanction the plaintiff for his repeated failures to appear for deposition and his consequent failure to prosecute his case would be to dismiss his case, which is authorized by the applicable rule and appropriate in light of the facts established in this case.

Accordingly,

IT IS RECOMMENDED that the defendants' motion for sanctions (Rec. Doc. 26) is GRANTED; and

IT IS FURTHER RECOMMENDED that this case be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on March 22, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE